**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAULA JEAN REYNOLDS,** | : | **CIV NO. 3:23-CV-405** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **MARTIN O'MALLEY,**[1] | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

## I.   Factual Background

This lawsuit is a *pro se* Social Security appeal filed by Paula Reynolds. (Doc. 1). Ms. Reynolds initially brought this action on March 7, 2023. (Id.) At the time that this appeal was filed, Ms. Reynolds was provided with a copy of the court's Standing Practice Order in Social Security appeals. (Doc. 4). That Standing Practice Order instructed the plaintiff that she was obliged to file a brief in support of this appeal thirty days after the service of the defendant's answer. (Id., ¶ 3). The Standing Practice Order also notified Ms. Reynolds in clear and precise terms that:

---

1 Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.

1

"Noncompliance of the plaintiff with paragraph 3 will result in the dismissal without any further warning from the court." (Id., ¶ 7).

The defendant's answer and administrative transcript was filed on May 3, 2023. (Docs. 8, 9). When Ms. Reynolds failed to timely file a brief, the court entered an order on June 12, 2023, which stated as follows:

> Pursuant to the Standing Practice Order of December 1, 2022, Plaintiff's brief in support of her Complaint was due on or before June 2, 2023. Plaintiff has neither filed her brief nor requested an extension of time within which to do so. AND NOW, this 12th day of June, 2023, IT IS HEREBY ORDERED that Plaintiff show cause on or before **June 22, 2023** why this case should not be dismissed.

(Doc. 11).

Despite this explicit warning, Ms. Reynolds has not filed a brief in support of this Social Security appeal and the time for filing such a brief has long since passed. Accordingly, in the absence of any action by the plaintiff to comply with the court's orders and prosecute this appeal, this case will be deemed ripe for resolution.

For the reasons set forth below, this Social Security appeal will be dismissed.

## II.   <u>Discussion</u>

### A.   <u>Dismissal of this Case Is Warranted Under Rule 41</u>.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal

of actions for failure to prosecute rest in the sound discretion of the Court, and will

not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296

F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while

broad is governed by certain factors, commonly referred to as Poulis factors. As the

United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in
> dismissing a case for failure to prosecute], we evaluate its balancing of
> the following factors: (1) the extent of the party's personal
> responsibility; (2) the prejudice to the adversary caused by the failure to
> meet scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense. Poulis v. State Farm Fire and
> Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to

determine whether a District Court has abused its discretion in dismissing for failure

to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting

Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis

factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether

a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538

F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

Consistent with this view, it is well settled that "'no single <u>Poulis</u> factor is dispositive,' [and it is] clear that 'not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint.'" <u>Id.</u> (quoting <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003); <u>Mindek</u>, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. <u>See, e.g.</u>, <u>Emerson</u>, 296 F.3d 184; <u>Tillio v. Mendelsohn</u>, 256 F. App'x 509 (3d Cir. 2007); <u>Reshard v. Lankenau Hospital</u>, 256 F. App'x 506 (3d Cir. 2007); <u>Azubuko v. Bell National Organization</u>, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the <u>Poulis</u> factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first <u>Poulis</u> factor, the extent of the party's personal responsibility, shows that the failure to litigate this case is entirely attributable to the plaintiff, who has failed to abide by court orders or submit a brief in support of this Social Security appeal.

Similarly, the second <u>Poulis</u> factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

4

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes

a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" <u>Briscoe</u>, 538 F.3d at 260-61 (quoting <u>Adams</u>, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or file a brief in support of this Social Security appeal as directed. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." <u>Adams</u>, 29 F.3d at 874.

The fourth <u>Poulis</u> factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. <u>Adams</u>, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with instructions of the Court, the Court is compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While <u>Poulis</u> also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. <u>See, e.g.</u>, <u>Briscoe</u>, 538 F.3d at 262-63; <u>Emerson</u>, 296 F.3d at 191. This case presents such

a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores her responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly non-compliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of her claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event we note that Social Security appeals are governed by a highly deferential standard of review. When reviewing the Commissioner's final decision

denying a claimant's application for benefits, this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.  See 42 U.S.C. §405(g); Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008); Ficca v. Astrue, 901 F.Supp.2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla.  Richardson v. Perales, 402 U.S. 389, 401 (1971). As the Supreme Court has observed:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. T-Mobile South, LLC v. Roswell, 574 U.S. ——, ——, 135 S. Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L.Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." Ibid.; see, e.g., Perales, 402 U.S. at 401, 91 S. Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison, 305 U.S. at 229, 59 S. Ct. 206. See Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L.Ed.2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

Mindful of this highly deferential standard of review, we note that the decision denying benefits to the plaintiff was set forth in a detailed ruling. (Tr. 12-35). Given that substantial evidence is a term of art which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' " Biestek v. Berryhill, 139 S. Ct. at 1154, in the absence of any briefing or submission by the plaintiff we cannot say that it has been shown that the ALJ's decision denying benefits to Ms. Reynolds lacks the modest evidentiary support required to sustain this agency determination. Therefore, a preliminary merits consideration also weighs against the plaintiff and it appears that all of the Poulis factors favor dismissal of this case.

## III.  **Conclusion**

Accordingly, for the foregoing reasons, this case will be DISMISSED for failure to prosecute.

An appropriate order follows.

Submitted this 7th day of February 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge